[No. 5557.]
[No. 3233 C. A.]

### Roberts v. Colorado Springs and Interurban Railway Company.

1. **Release—Fraud in Obtaining**—A release obtained by false representations that it is a mere receipt will be set aside, though the defendant admits its execution.—(193)

Plaintiff assailing a release for fraud practiced upon him in obtaining it, is not under duty, as a condition precedent to his action, to restore the amount paid him therefor. The jury may make allowance for this amount in their verdict.—(194)

2. Judgment Upon the Pleadings is not to be rendered unless, upon the admissions of the answer, no other judgment is possible than that prayed in the complaint.—(194)

3. Motion for Judgment on the Pleadings cannot take the place of a demurrer or plea.—(194)

Such motion admits the truth of the plea, and of the opening statement of counsel, wherever such statement is invoked. —(194)

*Appeal from El Paso District Court* — Hon. ROBERT E. LEWIS, Judge.

Mr. J. M. HARNAN, and Mr. JOHN B. CAREY, for appellant.

Mr. DAVID P. STRICKLER, and Messrs. MCALLISTER & GANDY, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The appellant brought her action in the district court of El Paso county to recover damages for personal injuries sustained through the alleged negligence of the appellee, and demanded judgment in the sum of ten thousand dollars. The answer set up a release signed by the appellant, releasing the company from all claim and liability of every kind and character, and for all damages sustained by reason of the injury.

The replication denies that she ever executed any such release, and then states that some time after her injury the claim agent of the company called on her in the city of Colorado Springs and told her that the defendant company wanted to do something for her, and "that then and there the said claim agent handed this plaintiff $20.00, requested her to sign a receipt for the same, and said that if the plaintiff's arm did not get well, the defendant company would do a great deal more for her; that thereupon the said claim agent produced a certain paper, which he then

and there, falsely and fraudulently, knowing the same to be false, represented to this plaintiff to be a receipt for the said $20.00, and requested this plaintiff to sign said paper, which plaintiff then and there did, for the reasons hereinafter stated; that plaintiff's signature to whatever paper or instrument of writing she signed, on or about said date as aforesaid, was obtained by undue influence, by fraud, and false and fraudulent representations made to plaintiff by the said claim agent, for the defendant company, concerning said paper or instrument of writing, and that said false and fraudulent representations consisted in the said claim agent of said defendant company concealing from plaintiff the nature of said instrument of writing, and the contents thereof, and in his stating and representing to this plaintiff that said instrument of writing was only a receipt for said $20.00; all of which statements and representations were false and were known at the time by defendant's said claim agent to be false; that plaintiff, relying on said statements and representations, believed the same to be true, and in consideration thereof, signed said paper, without reading it or knowing the contents thereof; that plaintiff at the time she signed said paper at the request of said claim agent of defendant as aforesaid, intended to sign, and thought and believed she was signing, only a receipt for the said twenty dollars; that this plaintiff never at any time consented or agreed to the terms of the alleged release set forth in the second defense of the defendant's answer heretofore filed herein, or to any release whatever; that plaintiff did not then know, and has never at any time since known, the nature and contents of the instrument signed by her on or about said date, as aforesaid.''

In the opening statement, counsel for the appellant said:

"Gentlemen, we are going to show you that this plaintiff was a trained nurse by occupation; that before and up to the time she received this injury she was constantly engaged in her professional work and earning good wages, but that since this injury she has not been able to do any professional or other work, nor earn any money or wages whatever, and ever since the time she received this injury she suffered great mental and bodily pain and still continues so to suffer.

"Gentlemen of the jury, the defendant in this case claims that subsequent to the time plaintiff received the injuries of which she complains, and on or about the third day of January, 1903, she executed and delivered to the defendant's claim agent, for the sum of $20.00, a certain paper writing purporting to be a release, releasing all of her claims and demands against the defendant company by reason of the injuries she received, as I have before stated to you; we admit that the paper writing claimed by the defendant to be a release was signed by the plaintiff, but gentlemen, we will show by the evidence that said alleged release was obtained and procured from this plaintiff by the false and fraudulent representations of the defendant's said claim agent, and that this plaintiff never released, and never consented or intended to release, the defendant from any of the claims or demands which she now has, or ever had against it, by virtue of said injuries, or at all.

"We will show you by the evidence that the circumstances under which this plaintiff gave the alleged release were, briefly stated, as follows: that some time in December, 1902, this plaintiff went to the office of the said claim agent for the company, and whose office was in this city, and asked him what the company was going to do for her on account of the injuries she received, as before stated to you;

said agent told her that he would investigate the matter and would let her know later; that on January 3, 1903, the said agent, who was still acting as the defendant company's claim agent, called on the plaintiff at her home in this city, and told her that the defendant company wanted to do something for her; that then and there the said agent handed this plaintiff twenty dollars, requested her to sign a receipt for the same, and said to her that if plaintiff's arm did not get well, the defendant company would do a good deal more for her; that thereupon said agent produced a certain paper writing, which he then and there told this plaintiff was a receipt for the said twenty dollars, and asked plaintiff to sign said paper so that he, said agent, would have something to show the defendant company for the twenty dollars; that this plaintiff believed the said agent that the paper produced by him was only a receipt, and relying on his representations, she signed said paper writing without reading it; that said agent never let the said paper out of his hands, but laid it on a table in a folded condition and kept his fingers on it while this plaintiff signed it; that this was the only paper writing that plaintiff ever signed for the said agent or the defendant company, and that if said paper writing was the alleged release, the same was obtained from the plaintiff by the said agent for the defendant company by fraud, and by the false and fraudulent representations of the said agent.''

At the close of the plaintiff's opening statement the company moved that the case be taken from the jury, and that the court enter judgment upon the pleadings, and upon the opening statement of the counsel. Thereupon the court did enter judgment in favor of the defendant upon the pleadings and upon the statements made by counsel in his opening remarks to the jury.

Counsel's main contention is, that as the release set up in the answer is a full and complete release of all claims and demands whatsoever, the plaintiff is estopped to deny it when coupled with the statement and admission of her counsel, in his remarks to the jury, that it was signed by the plaintiff. We cannot agree with counsel in this contention. If the statements made in the replication and in the remarks of counsel to the jury are true, she is not estopped from showing that her signature to this release was obtained under the representation that it was merely a receipt for twenty dollars. If her statement as to the nature of her injuries is true, then it is highly improbable that for the paltry sum of twenty dollars she would execute a release and acquittance of all claim to damages against the company. And it seems to us that the statement by the plaintiff's counsel (and if the admission of plaintiff's counsel in his statement to the jury that the instrument was signed is to be taken as an admission, then all his statements concerning the signing of the instrument and the inducements offered to the plaintiff for her to sign said instrument should also be considered), that this agent not only made misstatements as to what the instrument was, but so folded it that the plaintiff could not see what she was signing, and held it in such a manner as to prevent her from having a proper inspection of it, the fact that she was able to read the instrument, and the further fact that she was in full possession of her senses, would go a long way to establish that she had released her claim for damages for this sum of money. But if she signed the release under the circumstances stated in the pleadings, and in the remarks of counsel, then she should not be estopped to deny that she executed this instrument as a release.

A judgment upon the pleadings should not be rendered unless upon the admissions in the answer it is impossible for the court to render any other judgment than that prayed for in the complaint; and a motion for judgment upon the pleadings cannot be made to take the place of a demurrer, or another plea. A motion for judgment upon the pleadings admits that the statements in the pleas are true, and in moving for judgment upon the pleadings, and upon the admissions and statements of counsel in his opening remarks to the jury, counsel admitted that counsel's remarks were all true; and if we assume that the averments of the replication and the remarks of counsel state the facts, then the defendant was not entitled to judgment upon the pleadings; but the jury, under the testimony and instructions from the court, was the proper authority to determine whether the release was or was not executed by the plaintiff.

It is also contended that before the plaintiff can rescind this alleged release she is required to put the parties in *statu quo*, and to return the sum of twenty dollars to the defendant; and as she has not done this, and had not done it at the time of the institution of the suit, her suit could not be maintained. The authorities do not sustain this contention of counsel. The plaintiff claims that she did not execute a release, but executed a receipt merely, for the sum of twenty dollars. This amount can be deducted by the jury from any amount that she may recover; and it is not a condition precedent to her maintaining an action that she should refund the sum of twenty dollars which she received under the circumstances as she relates them.

The judgment is reversed and the cause remanded.                    *Reversed and remanded.*

Mr. Justice White and Mr. Justice Bailey concur.