[No. 7154.]

## Williams v. The Rocky Mountain Fuel Company.

1. Pleadings—*Judgment on the Pleadings*, is not to be awarded for mere insufficiency in the party's averments. It must affirmatively appear that he is without right. In ejectment the defendant relied upon certain tax deeds, which the plaintiff alleged to be without validity. The tenor of the deeds was nowhere set forth, nor did it appear from any fact averred, that either of the deeds was void upon its face. The court below awarded judgment upon the pleading upon the ground that the action was not instituted within five years of the execution and delivery of the tax deeds, as required by statute (Rev. Stat. sec. 5733). *Held* that inasmuch as the validity of the tax deeds was in issue, and, for anything apparent in the pleadings, they might be *prima facie* void, in which case the statute would have no application, the motion for judgment was improperly allowed.

2. Tax Titles—*Limitation*—Whether under the statute (Rev. Stat. Sec. 5733), the period of limitation commences with the execution and delivery of the deed, or from its record, *Quaere.*

*Appeal from Las Animas District Court.*—Hon. Henry Hunter, Judge.

Mr. Chas. F. Carnine, Mr. W. B. Morgan, and Mr. Herman A. Schmidt, for appellant.

Mr. Edmund J. Churchill, and Messrs. Northcutt & McHendrie, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

The appellant, in an action brought by him against the appellee, commenced March 11, 1909, filed an amended complaint, setting up two causes of action. The first was in ejectment to recover possession of certain real estate and damages; the second to annul certain tax deeds, on the property involved. The third paragraph in the second cause of action is as follows: "That the defendant unlawfully claims to hold the said real property by reason of certain pretended treasurers deeds, issued to it by the treasurer of said county of Las Animas, March 31, 1903,

and filed for record in said county, March 12, 1904; and that said deeds are void and of no effect, for the reasons hereinafter set forth.'' Facts were then alleged upon which the plaintiff relied to establish that these deeds were invalid. The deeds were not incorporated in this cause of action, neither were any facts alleged, from which it could be inferred that they were invalid upon their face. For answer to the first cause of action, defendant pleaded, that on March 31, 1903, it obtained tax deeds to the premises in dispute, under which it at once entered into, and thereafter, continuously remained in possession. It also alleged facts, from which it appears that the tax sales, upon which these deeds were based were regular. The deeds are not set out in this defense, neither are any facts alleged, from which it could be said, that an inspection would show that they are valid upon their face. As a defense to the second cause of action defendant pleaded, first; that one of its sources of title to the property involved it, the tax deeds mentioned in the complaint, which it alleges were delivered March 31, 1908, upon which date it took possession of the premises, and denies that these deeds, or either of them, are invalid for the reasons set out in plaintiff's complaint, or any other; and second, that plaintiff did not institute his action within five years from the time the same accrued. For reply to the defense to the first cause of action, plaintiff admitted that the tax deeds were issued and delivered; alleged that they were not recorded until March 12, 1904, and that they were void for the reasons set forth in his amended complaint. For reply to the second defense of the second cause of action, plaintiff denied that the deeds issued March 31, 1903, were delivered on that date, and avers that defendant did not enter into possession of the premises prior to January 31, 1908. The reply to the second defense was a general denial.

On these pleadings the defendant moved for judg-

ment on the ground shown by the record, that, "The pleadings in said cause, taken all together disclose, that no cause of action exists upon behalf of the plaintiff against this defendant." The motion was sustained, and judgment rendered to the effect, that plaintiff has no interest in the property in controversy, and that defendant is the owner and entitled to the possession thereof:

The second cause of action is for the annulment of the tax deeds involved. It is not alleged in support of this cause of action that plaintiff is in possession of the premises, and by his reply to the defense, interposed by the defendant, it is admitted that it is in possession of them. It may be doubtful, under such a state of facts whether plaintiff could maintain his second cause of action. (Munson v. Marks, 52 Colo., 553, 124 Pac. 182.) But waiving this, and treating the case, presented by the pleadings as a whole, as one by plaintiff to recover possession of lands, the vital question is, whether the facts established by the pleadings entitled the defendant to the judgment rendered. The facts, which it can be said, are thus definitely established are, that defendant is in possession of the premises in dispute, under tax deeds, executed, and delivered March 31, 1903; plaintiffs action was commenced March 11, 1909. Did these facts, when considered in connection with other issues made by the pleadings, entitle the defendant to a judgment, adjudging it the owner, and entitled to the possession of the premises?

The grounds upon which the motion for judgment was based, according to the contention of counsel for defendant in their brief, is that the pleadings disclosed, the tax deeds had been executed and delivered more than five years prior to the time plaintiff commenced his action, and as it did not appear that they were void upon their face, they were unassailable, by virtue of section 3904, Mill's Statutes, which provides in substance: that an action for the recovery of land sold for taxes shall not

lie, unless action shall be brought within five years after the execution and delivery of the tax deed.

In order to sustain the judgment rendered it must appear from the facts established by the pleadings that the court, on the law applicable thereto was right in determining that the defendant was the owner, and entitled to the possession of the premises, by virtue of the tax deeds, under which it claimed these rights. In other words, that on these facts, the court could determine the rights of the parties to the subject matter of controversy, and pronounce a judgment with respect thereto, which was final between them. *Mills v. Hart,* 24 Colo., 505, 52 Pac. 680, 65 Am. St. 241.

The defendant based its right to the premises upon tax deeds. Plaintiff claimed that these deeds were invalid, and pleaded the facts upon which he predicated this claim. The facts upon which this claim is based were put in issue by the answer of the defendant. It appears from the pleadings, that these deeds were executed and delivered more than five years before plaintiff commenced his action, but the statute invoked, by defendant, does not apply to tax deeds void upon their face. *Sayre v. Sage,* 47 Colo., 559, 108 Pac. 160, and authorities there cited. It does not appear from the pleadings of either party, whether the deeds, are, or are not, invalid upon their face; hence, with the validity of the tax deeds in issue, and conceding, but not deciding, that the limitation imposed by the statute, begins to run from the date a tax deed is executed and delivered, it is apparent, from the facts admitted by the pleadings, that defendant did not thereby establish a right to the premises under the tax deeds, upon which it relied, for the reason, that the applicability of the statute depended upon whether they were, or were not invalid upon their face. True, plaintiff failed to allege facts, from which it appears, that the deeds were void upon their face. This omission, how-

ever, was nothing more than a failure to state a cause of action, or by way of reply, plead facts, which would avoid the bar of the statute; but this did not entitle the defendant to a judgment, declaring it to be the owner of the premises. This defect in his pleadings could not be raised by a motion for judgment on the pleadings, but could only be taken advantage of by demurrer, and that in effect was the attack made upon the pleadings of plaintiff. *Richards v. Stewart*, 53 Colo., 205, 124 Pac. 740; *Roberts v. Colorado Springs and I. Ry Co.*, 45 Colo., 188, 101 Pac. 59.

In brief our conclusion is, that with the validity of the tax deeds in issue and as it did not affirmatively appear from the pleadings that they were unassailable, because of the bar of the statute invoked, the defendant was not entitled to the judgment rendered.

Counsel for plaintiff, however, contend that the limitation imposed by the statute does not begin to run until after a tax deed is recorded. We do not believe it is necessary to determine that question at this time. The question presented by the motion for judgment is not the sufficiency of the pleadings to state a cause of action or defense, but whether, on the admitted facts, that motion was properly sustained. Aside from this, plaintiff contends that the tax deeds are void upon their face. By pleading the facts upon which this contention is based, the question of whether the statute began to run from the date of the execution and delivery of the deeds, or from the date they were filed for record, will be eliminated.

The judgment of the district court is reversed, and the cause remanded, with instructions to overrule the motion for judgment on the pleadings, and for such further proceedings as will be in harmony with the views expressed in this opinion.

On request the parties should be permitted to amend their pleadings as they may be advised. From the record before us, it would seem that the action is one in eject-

ment, and hence, the pleadings should be framed accordingly. In amending the parties should endeavor, by apt averments of facts to have them clearly present the issues upon which their rights to the subject of controversy must be determined.

*Judgment reversed and cause remanded with directions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.