## No. 11,126.

### OZMAN *v.* MOHR.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Action to foreclose mortgage on real estate. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. CONTRACT—*Mutual Agreements.* Where the minds of the contracting parties do not meet, there is no agreement.

2. APPEAL AND ERROR—*Evidence.* The reviewing court should view

the evidence in the light most favorable to the party prevailing below.

3.  JUDGMENT—*Postponed—Rendition.* In an action to foreclose a mortgage on real estate, the court, on request of defendants, postponed the rendition and entry of judgment for the filing of a supplemental answer. After a lapse of more than six months, no such answer having been filed, the court over objection of defendants, rendered judgment for plaintiff. Held not error.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Mr. CLAUD D. WALROD, for plaintiff in error.

Mr. BEN L. GARMAN, for defendant in error.

*Department Three.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

THIS is a suit to foreclose a mortgage on real estate. Judgment for plaintiff. Defendant brings the case here, and applies for a supersedeas.

The complaint alleges the giving of a promissory note in the sum of $4,900, and a mortgage upon a quarter section of land to secure the payment of the note. The answer by way of an affirmative defense alleges an agreement whereby defendants were to secure a new loan from a third party, use the proceeds thereof in part payment of the mortgage debt, and give the plaintiff a second mortgage. It is claimed that the evidence does not support any other conclusion than that such an agreement was made, and that, therefore, a judgment for plaintiff is erroneous. We find, however, that the evidence shows that the plaintiff, when entering into the supposed agreement, understood that the agreement contemplated the defendant's paying the accrued interest on the old note. The defendant, on the other hand, did not intend to pay such interest, and refused to pay it when the same was demanded by the plaintiff. There was, therefore, no agreement because the minds of the parties did not meet. 13 C. J. 376. This con-

clusion is warranted under the rule that a reviewing court should view the evidence in the light most favorable to the party prevailing below. *Haines v. Marshall,* 67 Colo. 28, 185 Pac. 651.

The trial court, at the request of defendants, postponed the rendition and entry of judgment, because defendants desired to file a supplemental answer alleging the pendency and the probable effect of certain survey or boundary cases affecting defendants' land or the boundary thereof. No such answer was filed, and after the lapse of more than six months the court rendered its judgment for plaintiff, over the objections of defendants who desired still further time in which to file a supplemental answer. This is assigned as error.

The plaintiffs in error contend that as the mortgage sued on is a purchase money mortgage, they have the right to interpose a counterclaim for damages arising from the vendor's breach of a covenant of warranty or of title in his deed. They further claim that such a breach would occur in a case where the boundaries of the land are changed so as to place the farm implements outside of the boundaries of the land purchased. As to the correctness of either of the propositions above advanced, no opinion is now necessary, and none is expressed. All that is necessary to decide, and which we do decide, is that the trial court did not err in its refusal to further delay the rendition of the judgment. Defendants were not entitled to delay the termination of this case until the boundary cases should be disposed of. Such cases might themselves be delayed, and might ultimately be dismissed. At any rate the trial court was not obliged to defer judgment until in some other case facts might be established giving defendants a counterclaim against plaintiff.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, and MR. JUSTICE SHEAFOR concur.