## No. 13,667.

### PUBLIX CAB COMPANY ET AL. *v.* PHILLIPS.
(... P. [2d] ...)

Decided May 11, 1936.  Rehearing denied June 1, 1936.

Messrs. GARWOOD & GARWOOD, for plaintiffs in error.

Mr. GEORGE A. TROUT, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

DEFENDANT in error, Phillips, as plaintiff, brought an action in the district court of the City and County of Denver against the Publix Cab Company, a corporation, and Margaret A. Meyers, defendants, for damages for personal injuries caused, as plaintiff alleged, by his being struck by an automobile taxicab belonging to defendants which was being negligently driven and operated. From a judgment for plaintiff on a verdict of the jury awarding $1,000 damages, defendants bring the cause here on writ of error.

The negligence pleaded and relied upon by plaintiff was a failure on the part of defendants' employee to exercise ordinary care, in that he was driving at a greater speed than was proper under the circumstances; in failing to have his automobile under control and in failing to watch the street and intersection so as to observe the plaintiff crossing the street at the intersection. Plaintiff charges, also, the violation of sections 56(a) and 15(a), infra, of the municipal traffic ordinance of the City and County of Denver, then in force. Defendants' answer was a general denial and a plea of contributory negligence, the latter being denied by plaintiff in his replication.

Defendants assign as error the refusal of the trial court to grant their motion for a directed verdict at the close of plaintiff's testimony, and the denial of their motion for a new trial, upon grounds which may be summarized as follows: That the evidence disclosed contributory negligence as a matter of law; that the verdict was contrary to the undisputed physical facts; and that

the verdict was manifestly the result of passion and prejudice.

Upon a careful examination we find no basis in the record for the contention that the jury was influenced by passion and prejudice; consequently this assignment requires no further consideration.

■ Other assignments of error require a consideration of the evidence as disclosed by the transcript. The jury having rendered a verdict in plaintiff's favor, the evidence, where conflicting or of doubtful import, must, if it reasonably can, be so construed as to support the verdict.

Sections 56(a) and 15(a) of the Denver municipal traffic ordinance then in effect were as follows:

Section 56(a). "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

Section 15(a). "The operator of any vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided."

From the evidence, much of which was conflicting, the jury was warranted in finding the following facts: That the accident occurred a little after seven o'clock in the evening of March 18th, 1933, at the intersection of Curtis and 19th streets in the city of Denver; that plaintiff was 67 years of age and was proceeding in a general westerly direction along the southerly side of Curtis street on that portion of 19th street regularly used by pedestrians in crossing the latter; that when he had arrived a few feet from the curb he was struck on his right side by defend-

ants' cab which was proceeding in a general southerly direction along the westerly lane of traffic on 19th street, and knocked down, his resulting injuries being sufficiently severe, if negligently inflicted, to sustain the verdict; that there was no traffic light at the intersection; that before he started to cross the street and after he was in the street, he looked to the right as he was crossing; that the street is wide; that after he was in the street he did not see anyone near; that when he looked defendants' cab was fifty feet away and he continued across; that he could not tell how fast the car was traveling.

Special emphasis is placed on the conflict in the evidence concerning the question as to whether plaintiff crossed the street on the regular crosswalk or came out between two cars; also as to the point where the car struck him. On these points the evidence is not clear. The officer who investigated the accident testified that there was quite a discussion at the time as to which way plaintiff was going at the time he was struck, and that he did not question him at the time. He further stated that it was 45 feet from the point where the cab driver said he first saw plaintiff to where the latter was picked up, and that while the driver told him the man came from between the cars parked along the street, the cars were so close together that plaintiff could not have walked between them. The officer arrived at the scene of the accident at 7:20 p. m. The driver testified he stopped his car within 15 or 20 feet after it struck plaintiff. The jury having returned a verdict for plaintiff we must assume that they found as true, his version of the disputed facts.

Assuming the truth of the foregoing statement and which the jury might properly have found from the evidence, it remains for us to determine whether the facts therein recounted constitute a showing of negligence, and whether contributory negligence appears as a matter of law.

We think there was a sufficient showing of negligence on the part of the defendants' driver to carry the

case to the jury. There was evidence that plaintiff was crossing Nineteenth street from east to west. He so testified and he also testified that he was struck on the right side. He further stated that he was close to the curb. The testimony of the driver that plaintiff suddenly came from between the cars, if true, necessarily would place him in the west lane of traffic toward the westerly side when he was struck. Plaintiff says he looked before he started to cross. On his cross-examination by defendants' counsel the following occurred: "Q. Now after you got out in the street, Mr. Phillips, did you look for autos? A. Yes, but the street is pretty wide, there was nobody, I never seen anybody close, and I go; he was fifty feet back."

In this case we have a situation in which the plaintiff looked and saw the car; he thought it was not close—that it was fifty feet away; and since it may be assumed that men of normal minds do not desire to be injured, the jury might well have inferred that he thought he could cross without being injured. He lacked only a few feet, when struck, of being out of the path of danger. We do not here have a case of failing to look, nor one of looking and failing to see the approaching car, it is a case of an old man looking and seeing, and believing that he could cross safely ahead of the car. We think it clearly was a question for the jury to determine whether, under the disclosed facts, a reasonably prudent man in the situation of plaintiff, with his understanding of the circumstances, would have believed he could cross with safety. Moreover, there was in effect a right of way ordinance—section 15(a), supra—enacted for the protection of pedestrians at intersections such as the one here involved. In a former case we said: "The plaintiff had a right to assume, in the absence of reasonable grounds to think otherwise, that others would perform their duty and obey that traffic regulation." *Crosby v. Canino,* 84 Colo. 225, 268 Pac. 1021.

Reasonably construed, section 15(a) of the Denver ordinance, giving a pedestrian the right of way, means

that when a person is crossing a street at an intersection to which the provisions of the ordinance are applicable, and an automobile is approaching the crossing at a speed and on a course such that he or the car must alter speed or direction to avoid a collision, the driver of the auto must so act as to avoid running down the pedestrian, and his failure to do so is a violation of the ordinance and constitutes negligence.

It is contended that the evidence discloses contributory negligence as a matter of law, and that the trial court should have so found and have directed a verdict for defendants.

In *Lord v. Pueblo S. & R. Co.*, 12 Colo. 390, 21 Pac. 148, the observations of the court are pertinent here: ''When there is no conflict in the testimony bearing upon the subject either of negligence or contributory negligence, the court may, in a clear case, treat the question as one of law, and grant a nonsuit or direct a verdict; *but when the determination of the question depends upon the inference to be drawn from a variety of facts and circumstances, in the consideration of which there is room for a substantial difference of opinion between intelligent and upright men,* then the question should be submitted to the jury under appropriate instructions, even though there be no conflict in the testimony.

''By the foregoing special rules it will be observed that we do not depart from the doctrine that questions of negligence, as well as contributory negligence, are generally within the province of the jury, which should not be invaded by the courts except in the clearest of cases.'' (Italics ours.)

In *Livingston v. Barney*, 62 Colo. 528, 163 Pac. 863, we quoted with approval the following language from *Mau v. Morse,* 3 Colo. App. 359, 33 Pac. 283 (erroneously stated to be from *Fairmount Cemetery Ass'n v. Davis,* 4 Colo. App. 570): ''The question of negligence is a mixed one of law and fact. Where the facts are disputed, or of doubtful character, the question must be submitted to the jury

under the instructions of the court; but where there is no controversy as to the facts, and from these it clearly appears what course a person of ordinary prudence will pursue under the circumstances, the question of negligence is purely one of law.''

In *Jackson v. Crilly*, 16 Colo. 103, 26 Pac. 331, we quoted from *Lehigh Valley R. R. Co. v. Greiner*, 113 Pa. 600 (mistakenly giving the quotation as from *Dewald v. R. R. Co.*, 44 Kan. 586), as applicable to the facts of the case then under consideration, the following: ''The question of negligence is ordinarily a question of fact, and ought to be submitted, under proper instructions, to the determination of a jury. Where the facts are disputed, *where there is any reasonable doubt as to the inference to be drawn from them*, or when the measure of duty is ordinary and reasonable care, and the degree varies according to the circumstances, the question cannot, in the nature of the case, be considered by the court; it must be submitted to the jury: * * * But, where the facts and the *inferences therefrom* are undisputed, where the precise measure of duty is determinate, the same under all circumstances, where a rule of duty in a given exigency may be certified and accurately defined, the question is for the court, and not the jury.'' (Italics ours.)

From the foregoing authorities, which we think are here applicable, it appears that the court may find negligence or contributory negligence as a matter of law only when the circumstances and what the parties did are so clearly established by the evidence that reasonable men cannot differ, first, as to what the circumstances and the acts of the parties were, and, second, that such acts under the circumstances were negligent. In this case there is a conflict in the evidence: As to which way the plaintiff was traveling; whether he was crossing at the intersection or whether he came from between cars and was attempting to cross at another place; whether he looked or did not look, and if he did look and saw the car approaching, whether it was far enough away so that a reasonably pru-

dent man might believe he could cross in safety; and whether under the circumstances and section 15(a) of the city ordinance, supra, he might safely proceed, on the assumption that the approaching car would yield him the right of way. In such a state of the evidence we think the question of contributory negligence also was properly submitted to the jury.

The judgment is affirmed.

MR. JUSTICE HOLLAND dissents.