## Angie Andrews, Appellee, v. City of White Hall, Appellant.

1. MUNICIPAL CORPORATIONS, § 993*—*duty to keep sidewalk free from obstruction.* It is the duty of a city to keep and maintain its sidewalks free from obstruction and dangerous places for their entire width for the use of pedestrians while in the exercise of due care and caution.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict for injuries to pedestrian resulting from falling over obstruction on sidewalk.* In an action against a city to recover for personal injuries sustained by plaintiff by falling over an obstruction on a sidewalk in front of a grocery store, evidence *held* sufficient to sustain a verdict for the plaintiff, where the evidence shows that the obstruction was placed upon the sidewalk by the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

keeper of the store and the city had permitted the obstruction for a sufficient length of time to be charged with notice thereof.

3. MUNICIPAL CORPORATIONS, § 1053*—*care required of persons using street with knowledge of obstructions.* In an action against a city to recover for personal injuries sustained by a woman falling over an obstruction on a sidewalk, *held* that although plaintiff may have known of the existence of the obstruction in the street it was not negligence *per se* for her to use the street or to attempt to pass the obstruction, that the law only required of her that she use such due care and caution as would be commensurate with her knowledge of the conditions and surroundings existing at the time, and that whether she did use such care and caution is wholly a question for the jury.

4. APPEAL AND ERROR, § 1561*—*when refusal of requested instructions not error.* Not error for court to refuse a requested instruction fully covered by others given, though such instruction contains a correct proposition of law.

5. APPEAL AND ERROR, § 1623*—*when error in the exclusion of evidence harmless.* Appellant cannot complain of error of trial court in sustaining objections to evidence offered by it where such evidence was permitted to go to the jury at other times.

Appeal from the Circuit Court of Greene county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

W. L. WINN and THOMAS HENSHAW, for appellant.

NORMAN L. JONES and D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action by appellee against appellant to recover for injuries received by appellee by reason of falling over an obstruction on the sidewalk under the control of appellant, alleged to have been negligently permitted to be and remain on said side walk by appellant. The trial below resulted in a judgment for twelve hundred and fifty dollars.

Appellee on the evening of the injury went from her home to the grocery store of one Piper to do some shopping; this store is located on the west side of Main street in the City of White Hall. Appellee on the

evening of the accident approached the store from the north entering the store at a door located in the middle of the building, did her shopping, and on leaving the store attempted to go south on Main street. The store was lighted with electric lights. The sidewalk which was of cement was about seven feet wide and was six or eight inches lower than the floor of the storeroom. In front of the store and south of the door at the middle entrance, Piper had placed three steps or shelves for the purpose of displaying his goods. The frame work of these steps extended out on to the sidewalk 35½ inches, covering nearly the half of the sidewalk. This obstruction had been there for a considerable length of time, was piled with goods from the store in the daytime but was left to remain in its position over night. No question is made but what the shelving or steps had been there a sufficient length of time for appellant to have known of its existence or that the same had been there for such a reasonable length of time as to be constructive notice to appellant. On leaving the store and attempting to turn south upon this sidewalk appellee struck her foot or limb against the bottom step of this shelving. She was thrown down and severely injured.

Appellant insists on a reversal of the judgment and as grounds therefor insists that the proof does not show any negligence on the part of appellant but that it establishes conclusively that appellee was not in the exercise of due care and caution for her own safety. Appellant insists also that the court erred in the giving and refusing of instructions.

There is no attempt on the part of the appellant to contradict the proof that these steps or shelving was upon the sidewalk or that it covered nearly three feet of the space of the sidewalk, and upon this proof there can be no contention that it was not an obstruction to the free use of the sidewalk; and upon what theory appellant contends that the permitting of this obstruction to be and remain upon the sidewalk as the proof

shows was not negligence, we are unable to comprehend.

It is the duty of the city to keep and maintain its sidewalks free from obstruction and dangerous places for their entire width for the use of pedestrians while in the exercise of due care and caution, and the only question of fact left for determination in this case is whether or not appellee was in the exercise of due care and caution for her own safety.

Appellant insists that appellee had been in the habit of visiting this store of evenings two or three times a week for a long space of time, that she knew this obstruction was kept and maintained upon this sidewalk by Piper, and that the lights in the store and upon the street were amply sufficient to permit it to be easily discovered and seen by anyone passing along the street while in the exercise of due care and caution for their safety, and that the proof is conclusive that appellee was not in the exercise of due care and caution.

The accident happened after night. While it is not disputed that the lights in the store were burning brightly and afforded sufficient light for anyone passing upon or along the sidewalk to see this obstruction, the question as to whether or not the lights were burning in the street is disputed. Appellee, on the other hand, insists that although the lights in the store were burning, the obstruction over which appellee fell was at the side of the store and that appellee in leaving the brightly lighted store going upon the street was not able until her eye became accustomed to the darkness to readily discern and see the obstruction, and that by passing from the brilliantly lighted store into the darkness the obstruction could not be readily discerned. What the evidence upon these questions established and the determination of the fact as to whether appellee was in the exercise of due care was for the jury.

Although appellee may have known of the existence of this obstruction, it was not negligence *per se* for her to use the street or to attempt to pass the obstruction;

the law only required of her that she use such due care and caution as would be commensurate with her knowledge of the conditions and surroundings existing at the time, and whether she did this was wholly a question of fact for the jury, and we are not prepared to say that the finding of the jury upon this question is clearly and manifestly against the evidence, and unless we are able to do so, under the familiar rule adopted by the courts, then verdict should not be disturbed.

With regard to the error which appellant urges the court committed in sustaining objections to evidence offered by it and overruling objections made by it to appellee's testimony, after a careful examination of this record we are satisfied that appellant was not injured by any rulings of the court in regard to the admission of evidence, as the evidence to which objections were made by appellant and sustained was permitted to go to the jury at other times.

Upon the question of the refused instruction offered by appellant, the court did not commit any error, as the law presented by this instruction was fully given to the jury by other instructions. But appellant insists that it was entitled to have these instructions given where they contain correct propositions of law although other instructions were given containing the same propositions, and insists on this although to give this instruction would have been to duplicate portions of other instructions given, it insists upon this under the rule that appellants were entitled to have the jury fully instructed. While that is the rule, appellants were not entitled to duplicate their instructions in this manner and the refusal to give them was not error; and we find no error in the giving or refusing of any of the instructions, the jury was fully and amply instructed upon all propositions involved in this case.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*