No. 14,560.

HIGGINS *v.* CITY OF BOULDER.

(98 P. [2d] 996)

Decided January 22, 1940. Rehearing denied February 13, 1940.

Mr. CARL W. BERUEFFY, for plaintiff in error.

Mr. FRANK L. MOORHEAD, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as plaintiff and the city respectively.

Plaintiff had a verdict in the sum of $4,500 for damages for personal injuries caused by falling over an obstruction on a sidewalk. On motion of the city the verdict was set aside and judgment entered for it. To review that judgment plaintiff prosecutes this writ. The only questions which, under the assignments and in the light of the argument, require consideration are: Was there sufficient evidence of the nature of the obstruction, and notice thereof to the city, to go to the jury?

Around the courthouse square in Boulder is a cement sidewalk nine feet wide with no curb on the inner side. On that side and near a small shrub or tree, stood a

wire bench approximately six feet long, thirty inches wide, and eighteen inches high. About 7:00 P. M. on January 5, 1938, plaintiff, a woman of 76 years of age, walking rapidly along this sidewalk, collided with the bench and received the injuries complained of. There is evidence that this portion of the walk was "dark", and that this bench, while sometimes on the courthouse lawn, had generally been in the position above mentioned for a year or more.

The duty of the city was to maintain this sidewalk in a reasonably safe condition for one using it in a proper manner. 43 C. J., p. 998, §1785. That duty extended to the entire sidewalk. id., p. 1007, §1790; 7 McQuillin Municipal Corp., p. 73, §2931; *Andrews v. City of White Hall,* 184 Ill. App. 298, 301. While some authorities do not adhere strictly to that portion of the rule last mentioned, that it is applicable in this jurisdiction, under the facts here apparent, seems clear. *Denver v. Stein,* 25 Colo. 125, 127, 53 Pac. 283. Whether an obstruction not a nuisance per se is such in fact is generally for the jury. 43 C. J., p. 1287, §2047. Negligence is generally for the jury, and always so when the measure of duty is reasonable care. *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62, 69, 86 Pac. 337; *Phillips v. Denver Co.,* 53 Colo. 458, 128 Pac. 460. We conclude therefore that, assuming notice, the question here at issue was for the jury.

Plaintiff relies upon constructive notice. This courthouse block was the central one in the city. If its officers were ignorant of this obstruction, but in the exercise of ordinary diligence should have known of it, the city had notice. *City of Boulder v. Niles,* 9 Colo. 415, 421, 12 Pac. 632; 7 McQuillin Municipal Corp., pp. 237-240, §3002-3. Since the question of constructive notice depends upon the facts and circumstances of the particular case, it is ordinarily one for the jury. id. We think it was so here.

At the close of plaintiff's evidence the city

moved for a nonsuit. Ruling on that motion was reserved, but the court's final conclusion was that it should have been sustained. Such reservation is assigned as error. We need not pass upon it. It was clearly not prejudicial to plaintiff, but, in the light of developments, clearly advantageous.

 The trial court assumed sufficient notice to the city, but gave it judgment on the theory that there was no sufficient evidence that the presence of this bench in the location and at the time described, constituted an actionable obstruction. In so ruling the trial judge referred to conditions admittedly long existing in the city of Boulder and their similarity to like conditions in many other municipalities. The problem presented was not without its difficulties and the reasons assigned for the ruling have much force. In fact had the verdict been for the city it would have been sufficiently supported. It must be conceded that the facts and circumstances might be such that, with little variation, the action of the court could be upheld. But the line is too fine here and the peril of invading the jury's province too great. This jury was admittedly fairly and fully instructed and its conclusion is sufficiently evidenced by its verdict. That verdict is unusually persuasive when we remember, as seems admitted, that the room in which the jury deliberated was immediately above the scene of this accident, which was in full view from its windows.

The judgment is reversed with directions to the trial court to reinstate the verdict and proceed in accordance therewith.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.