No. 15,394.

CAMPBELL INVESTMENT COMPANY *v.* HIRSH.
(150 P. [2d] 310)

Decided July 3, 1944.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, for plaintiff in error.

Mr. MILNOR E. GLEAVES, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action for damages founded on alleged negligence of plaintiff in error, defendant below. Defendant in error, plaintiff at trial, enjoyed a favorable verdict and was given judgment.

The gravamen of the complaint is, that July 27, 1942, defendant, owner and operator of the Albany Hotel in Denver, had rented what is known as the Mural room on the mezzanine floor of the hotel to one Gaines for his use in delivering a lecture at eight o'clock in the evening of that day, to patrons on paid admission; that defendant "furnished, equipped and arranged" the room for the use stated, and, although it was not connected with any use to which Gaines was to put the room, defendant, "carelessly and negligently" left in the aisle of the room "an obstacle in the nature of a rise or platform extending above the level of said aisle to the extent of about two inches or slightly less * * *; that said platform was no part of normal equipment for a class or lecture but was a temporary wooden dancing area calculated to be laid and removed from time to

time at pleasure, which had been laid upon the carpet by defendant for the use of its guests in dancing upon a former occasion;" that plaintiff, proceeding down the aisle and seeking a front seat on the occasion of the Gaines lecture, "tripped, stumbled and was caused to fall * * * over and upon said platform so violently that she greatly bruised her body, particularly in the region of her arms and right hip, and broke her right femur bone;" that due thereto plaintiff "suffered great, lasting and permanent injuries to her body, great pain, mental suffering and anguish, a surgical operation in the region of her right hip, severe shock and nervousness;" to her damage, etc.

Answering, defendant denied that it was negligent in any respect, and pleaded affirmatively: (1) That plaintiff's injuries were the result of her own negligence, and (2) that her injuries were proximately caused by the negligence of the tenant in possession of, and using the premises at the time of the incident.

It was fairly established that Gaines engaged the room in the hotel for the time and purpose alleged in the complaint, and that plaintiff was injured as further alleged therein. There was testimony to the import that defendant had, and kept available for the use of its guests, a dance platform, consisting of sections, which, when united and in place, was twenty by twenty feet in size; that while the platform was not stationary, and could be placed for use in other rooms, usually it was in the room in question; that upon the request of one engaging that room, the platform would be removed; that inasmuch as Gaines did not request removal of the platform, defendant's employees left it there, and proceeded to furnish and equip the room in form as follows: On the dance platform, which rests upon the carpet of the room and was near one end thereof, they placed a small table and a chair for the use of the lecturer. For the accommodation of those attending the lecture, about one hundred chairs were placed in ten rows of five on either

side of an aisle leading from the rear or entrance to the room, to the dance platform, with the first or front row of chairs resting thereon, and the second row "right against the dance platform," which, as were the remaining rows, was on the general floor level, or one and three-quarters inches lower than the dance platform. There was testimony that the aisle was more than four feet wide, and other testimony that it was not "wide enough for two people." Plaintiff testified that while she was proceeding down this aisle, she "stumbled with my right foot against" the platform. There was testimony that plaintiff was a paying patron, and that she entered the room when the audience already largely was seated. She was some eighty years of age, walked with a cane at night, and professed to be able to "see good." She had attended lectures there before, but said in answer to the question, "Were there any boards there at any time before that you were ever in there?" she said, "I don't remember any." Gaines testified his arrangement with the hotel was that he should have use of the room, and there should be provided "a small speaker's platform, a blackboard and approximately 100 chairs, just as we had the week before. I did not at any time request that a dance floor be installed in our lecture room. * * * I asked Mr. Long [Manager of the hotel] to make the same arrangements as we had the week before, and at that time there was no dance floor in the room." Gaines further testified that upon plaintiff's arrival for the lecture he greeted her at the door; "after that she advanced along the aisle, * * *. I walked slowly behind her, as she was using a cane, and I remained about eight feet behind her. I was not paying particular attention to Mrs. Hirsh, but was nodding to several members of the audience." That it was not until after the accident, that he "discovered that the dance floor had been placed in the room without my knowledge." Other patrons of the lecture on the night of the accident testified that they tripped and stumbled

over the platform, but, so far as appears, were not injured.

Points specified by counsel for defendant as constituting reversible error, briefly are: (1) Plaintiff failed to show any negligence on the part of defendant; (2) that if liability attends it rests upon Gaines; (3) that plaintiff was guilty of contributory negligence as a matter of law, and based on these, or any thereof, their motions for nonsuit and directed verdict should have been granted.

The record considered, we think points numbered one and three properly may be determined together. They have to do with an allegation that defendant was guilty of negligence, as well as that plaintiff was guilty of contributory negligence. Determination of these questions was made by the jury, proceeding to the consideration thereof in the light of court instructions not challenged on review. Our study convinces that basis for solution rested in inferences to be drawn from the facts, concerning which perplexity reasonably attended. "Where there is a reasonable doubt as to inferences to be drawn from facts, the issue of negligence must be submitted to the jury." *McCarthy v. Eddings,* 109 Colo. 526, 127 P. (2d) 883. "Whether an obstruction not a nuisance per se is such in' fact is generally for the jury." *Higgins v. Boulder,* 105 Colo. 395, 98 P. (2d) 996. See, also, *Sprague v. Herbel,* 90 Colo. 134, 6 P. (2d) 930; *Arps v. Denver,* 82 Colo. 189, 257 Pac. 1094. The trial court sensed the uncertainties disclosed by the record, heeded the rule obtaining in such a situation, and called into action that branch of a judicial tribunal which experience has shown is best qualified to make resolution.

As to the second point, we are not persuaded that the negligence which the jury found, may be attributable solely, if at all, to Gaines. There was no evidence that he had anything to do with equipping and furnishing the room, and, as he testified, he did not know the

510

dance platform was in the room until after plaintiff had fallen by reason thereof. Why the hotel management placed the front row of chairs on the dance platform, was not explained, and seemingly is inexplicable. Gaines was not a defendant.

As error is not perceived, let the judgment be affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE JACKSON concur.