No. 18,559.

Mae O. Jarman *v.* Guy W. Grace and City of Colorado Springs.

(347 P. [2d] 510)

Decided December 14, 1959.

Mr. Eugene O. Bird, for plaintiff in error.

Mr. Frederick T. Henry, Mr. Louis O. Johnson, Mr. William T. Eckhart, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THIS writ of error is to review a judgment entered on a jury verdict in favor of the defendants, defendants in error here. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

The suit was instituted by plaintiff to recover damages for personal injuries (together with property damage to her automobile) resulting when her car collided with a large piece of concrete in the street while she was driving on North Circle Drive in Colorado Springs.

The defendant Grace was the operator of a grader in the employ of the city of Colorado Springs and at the time of the collision was engaged in repair work on the street. Grace had been proceeding in a Northerly direction and had been moving dirt and rocks to the West side of the highway. In the dirt moving process, a ridge 6 inches to 1 foot in height and about 18 to 20 inches wide was created. The total width of the street was 30 feet and the ridge created was 8 feet from the West curb, thus leaving approximately 20 to 25 feet of highway to the East of the ridge.

Just prior to the collision, plaintiff was proceeding South or in the opposite direction from the grader. She testified that trucks and cars were parked on the West side of the road making it impossible for her to travel in the curb lane on that side and because of this she drove her car so as to straddle the ridge. She estimated her speed at 20 to 25 miles per hour, although a witness for defendants testified to an out of court admission by her that her speed might have been as high as 30 miles per hour. She had driven the same route for a period of two months during which time the street was in rough condition.

According to the defendant Grace, plaintiff's speed was approximately 30 miles per hour. He further said that the piece of concrete which struck the car was on top of the ridge. There was other testimony at the trial,

but for the most part it was cumulative and inasmuch as there is minimal controversy concerning the facts, the above will serve to point up the issues.

The plaintiff's main contention is that the undisputed evidence shows a violation by the city of its duty to maintain highways in a safe condition for travel, and is equally undisputed that the plaintiff was free of contributory fault. Plaintiff also argues that the trial court erred in submitting to the jury instructions which embodied local ordinances pertaining to speed and careless driving.

■ Contrary to plaintiff's contention, the facts here presented, together with the inferences to be drawn therefrom, are not such as to compel a conclusion that defendants were negligent as a matter of law. There was sufficient evidence to justify submission of the case to the jury on the issue of defendants' negligence. *Aros v. City and County of Denver*, 82 Colo. 189, 257 Pac. 1094. The street was then under repair and the defendants could reasonably have anticipated that persons using the highway would proceed with great caution. It was open to the jury to conclude that it was not a reasonably foreseeable consequence of the acts of Grace that a driver would straddle the ridge and strike a large stone which was in the position here shown by the testimony. It was logical to anticipate that one in the position of plaintiff would see the stone and avoid it, and the failure of Grace to stop his grader and remove the stone did not constitute a violation of duty with respect to which reasonable minds could not differ. In view of this, the issue of defendants' negligence was properly one for the jury. *Aros v. City and County of Denver,* supra; *Amos v. Remington Arms Co.,* 117 Colo. 399, 188 P. (2d) 896; *Higgins v. City of Boulder,* 105 Colo. 395, 98 P. (2d) 996.

■ The jury could have concluded from the evidence that the plaintiff was herself guilty of negligence by failing to observe a speed commensurate with the

hazard posed by the repair work, the ridge and the stone. *Belcaro Realty Investment Co. v. Norton,* 103 Colo. 485, 87 P. (2d) 1114; *Thunborg v. City of Pueblo,* 45 Colo. 337, 101 Pac. 339. It is not necessary and we do not decide whether the plaintiff's conduct constituted contributory negligence as a matter of law. It is sufficient to hold that the trial court acted correctly in submitting this question to the jury for its determination. *Rudolph v. Elder,* 105 Colo. 105, 95 P. (2d) 827.

Submission of instructions with respect to careless driving and reasonable speed applicable to plaintiff's contributory negligence was proper. *Smith v. Baggett,* 218 Ala. 227, 118 So. 283; *Martin v. Herzog,* 228 N.Y. 164, 126 N.E. 814. Cf. *People v. Schaeffer,* 100 Colo. 70, 65 P. (2d) 699; *Barsch v. Hammond,* 110 Colo. 441, 135 P. (2d) 519.

These instructions which embodied Colorado Springs ordinances defining speeding and careless driving were proper for the jury to consider since the evidence presented an issue whether the plaintiff was guilty of contributory negligence *per se.*

The judgment of the trial court is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concurring.