### No. C-608

### Billie L. Scotton v. Leora V. Landers

(543 P.2d 64)

Decided December 8, 1975. Rehearing denied December 29, 1975.

28

Montgomery, Little, Young, Ogilvie, Campbell & McGrew, P.C., Robert R. Montgomery, for petitioner.

Taussig & Cobb, John G. Taussig, Jr., Paul Snyder, Jr., for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the court of appeals in *Landers v. Scotton,* 34 Colo. App. 387, 528 P.2d 931. We affirm the judgment of the court of appeals.

Petitioner, Billie V. Scotton, was successful in the trial court in defending against a claim brought by respondent Leora V. Landers for damages for personal injuries which arose out of a two-car collision. The defense was based on a general release given by Landers in consideration of $600, which expressly provided that Landers released and discharged Scotton from any and all claims"* * * on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries * * *" resulting from the automobile collision.

Trial was to the court. Scotton stipulated to his liability and evidence was presented in support of the claim for damages for personal injuries.

The court found that as a result of the automobile collision Landers incurred medical expenses in the amount of $2,076.99 and sustained damages for pain and suffering in the amount of $3,500.

The evidence concerning the execution of the release showed that at the time of the release the only known injuries to Landers consisted of fractured ribs and bruises. Actually, Landers had incurred, as a result of the accident, a ruptured spleen. This injury was asymptomatic and unknown to the parties at the time of the execution of the release. A few days thereafter, symptoms from this injury became evident. Landers was hospitalized and the injury to the spleen was diagnosed. The damaged spleen was then surgically removed.

The trial court found that before the execution of the release the plaintiff had ample opportunity to consult her own physician, who diagnosed her injuries as transient rather than permanent in nature; that these matters were freely and openly discussed between the parties; that the injury to the spleen was unknown by both parties at the time of the execution of the release; that there was a discussion of the important parts of the release, but that there was no specific discussion concerning the possibility of unknown injuries; that there was no suggestion of fraud or evidence of overreaching, and that the release was openly and fairly arrived at by the parties; that the consideration of $600 was adequate and reasonable in view of the injuries known to the parties at the time; and that there were no equitable grounds upon which to set aside the release. The court concluded in law that the mutual mistake of fact as to the unknown injury to the spleen was not sufficient to set aside the release in view of the specific provision in the release which purported to release claims for unknown injuries.

We agree with the court of appeals that the trial court's conclusion of law was erroneous and not in accord with our decisions concerning the voidability of a release in personal injury cases where there exists a mutual mistake of a material fact concerning the nature of the personal injuries involved. In *McCarthy v. Eddings*, 109 Colo. 526, 127 P.2d 883, the court adopted the rule promulgated by the *Restatement of the Law, Torts* § 900, that a release obtained as a result of a mutual basic mistake may be set aside as ineffective and is not a defense in an action of tort. This rule was recently reaffirmed in *Davis v. Flatiron Materials*, 182 Colo. 65, 511 P.2d 28, and was followed in *Locke v. Atchison, Topeka and Santa Fe Railway Company*, 309 F.2d 811 (10th Cir. 1962). The mutual mistake must relate to a present existing fact or to a past fact and does not extend to mistaken opinions as to the future course of recovery from known injuries. *Davis v. Flatiron Materials, supra*. This rule appears to be in accord with the trend in most jurisdictions toward granting relief liberally where it is established that the injured party released his claims under a mistaken or false impression that he was fully informed as

to the nature of his injuries.[1]

Here, the mistake, as the trial court found, was as to the nature of the injuries Landers in fact suffered. The injury to the spleen was unknown to the parties. The trial court, however, felt compelled as a matter of law, by reason of the all-inclusive language of the release — "known and unknown, foreseen and unforeseen bodily and personal injuries" — to uphold the validity of the release and to therefore bar the claim for relief.

■ The court overlooked, in considering the claim for rescission of the release contract, that it was acting in equity and was not necessarily bound by the literal language of the release. In *Denton v. Utley,* 350 Mich. 332, 86 N.W.2d 537, speaking to this matter the court stated:

"In the particular case before us, involving a release, we confront merely a specialized application of the overriding principle that in its accomplishment of its mission, equity will strike down without hesitation any agreement resulting from oppression, fraud, mutual mistake of the contracting parties, or other evil. The cases rest upon this great principle, not upon the minutiae urged. It matters not how sweeping are the words involved. When their content cloaks iniquity they shall be vacated and held for naught. To put it affirmatively, any release, to be sustained, must be 'fairly and knowingly' made. * * *"

In *Ruggles v. Selby,* 25 Ill. App. 2d 1, 165 N.E.2d 733, the court, in considering the same language as found in the release in the present case, stated:

"Defendants place emphasis on the fact that the release in question contained the language 'all known and unknown, foreseen and unforeseen bodily and personal injuries.' The argument seems to be that if the claimant releases his claim for unknown, as well as known, injuries, he has waived his legal right to be mistaken as to just what injuries he does or does not have. Differentiation in the treatment of releases of injury claims and other contracts is found in the effect given to the language of the instrument. The courts of Illinois — indeed, most jurisdictions in this country — have refused to permit any form of words, no matter how general or all-encompassing, to foreclose the chancellor from scrutinizing the release and the attendant circumstances to be sure that it was fairly made and accurately reflected the intention of the parties. * * *"

■ It is implicit in the findings of the trial court, here, that the parties to the release in question did not intend to be strictly bound by the reference to "unknown" injuries. Indeed, as the court found, there was no

---

[1] Among other jurisdictions which appear to be in accord with this rule are: Arizona, Arkansas, Delaware, Florida, Georgia, Hawaii, Illinois, Iowa, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia and West Virginia. *See* Annot. 71 A.L.R. 2d. 82 and A.L.R.2d Later Case Service.

discussion concerning the possibility of unknown injuries. The settlement was made in contemplation of the known injuries—the fractured ribs and bruises—and not of the possibility of an injury to the spleen.

We do not here say that in no circumstances may a claimant compromise his claim for possible unknown injuries. To do so, however, it must appear from the circumstances surrounding the transaction that such was his clear intention.

The judgment of the court of appeals is affirmed.