598 P.2d 145 (1979)
Darlene Benavidez GUZMAN, Plaintiff-Appellant,
v.
Irwin Duane GLEASON, Coin Fresh, Inc., a Colorado Corporation, and Mannings, Inc., a California Corporation, Defendants-Appellees.
No. 78-087.
Colorado Court of Appeals, Div. I.
March 22, 1979.
Rehearing Denied April 12, 1979.
Certiorari Granted July 23, 1979.
*146 Carroll & Bradley, P. C., Rebecca L. Bradley, John S. Carroll, Westminster, for plaintiff-appellant.
Walberg & Pryor, Thomas L. Roberts, Denver, for defendants-appellees Irwin Duane Gleason and Coin Fresh, Inc.
Tilly & Graves, Ronald H. Shear, Denver, for defendant-appellee Mannings, Inc.
STERNBERG, Judge.
In 1970, when she was 14 years old, the plaintiff, Darlene Benavidez Guzman, was struck on the head by a vending machine which fell from a truck, causing an open fracture and a left intra-temporal lobe hematoma. Shortly thereafter her father retained an attorney, and in 1972, the attorney negotiated a settlement with defendants' insurance carrier. The father was appointed guardian and the settlement was presented to the probate court which ultimately approved it. The guardian executed a general release. In May 1974, a year and one-half after the release had been signed, the girl experienced an epileptic seizure. At that time her condition was diagnosed as post-traumatic grand mal epilepsy.
In this action seeking damages for injuries sustained in the accident, the defendants asserted as an affirmative defense the general release that had been executed by the guardian, and moved for summary judgment. Thereupon plaintiff's counsel moved to set aside the release as having been predicated on a mutual mistake of the parties. Following a hearing on both motions at which evidence was taken, the court entered judgment in favor of the defendants. We reverse.
*147 In McCarthy v. Eddings, 109 Colo. 526, 127 P.2d 883 (1942), relying upon Restatement of Torts § 900, the Supreme Court adopted the general rule that "[a] release. . . obtained . . . as the result of a mutual basic mistake may be set aside as ineffective, and . . . is not a defense [in an action of tort]." This rule was amplified in Davis v. Flatiron Materials Co., 182 Colo. 65, 511 P.2d 28 (1973), wherein it was held that the mutual mistake must relate to a present existing fact or to a past fact and does not extend to mistaken opinions as to the future course of recovery from known injuries.
Later, in Scotton v. Landers, 190 Colo. 27, 543 P.2d 64 (1975), the Supreme Court held that the trial court had erred in not setting aside a release. There, the only known injuries were fractured ribs and bruises. After the release had been signed, symptoms developed indicating a more severe injury. This was diagnosed as a ruptured spleen, and that organ was removed. The court stated that a release should be set aside "where it is established that the injured party released his claims under a mistaken or false impression that he was fully informed as to the nature of his injuries."
In the instant case there was evidence upon which the trier of fact could well conclude the settlement was based on a basic mistake. The symptoms apparent to the plaintiff prior to her guardian signing the release were minor. Indeed, the probate judge who approved the settlement had been told that the girl "has fully recovered and she has lost absolutely no time in school. . . ." It was a year and one-half later that plaintiff had the first seizure indicative of the eventual diagnosis of post-traumatic grand mal epilepsy. This situation is indistinguishable from that in Scotton. Moreover, at the hearing on these motions, the totality of the neurologist's testimony about the etiology of the epilepsy was not conclusive. Under these circumstances the trial court erred in granting defendants' motion for summary judgment. The issue is one for the jury. McCarthy v. Eddings, supra.
Defendants advance three other contentions in support of the trial court's judgment. First, they assert that the literal language of the release, relating, as it does to all claims, known and unknown, requires, as a matter of law that the release not be set aside. We disagree. In Scotton v. Landers, supra, the court was dealing with a release containing similar all encompassing language. The Supreme Court ordered the release set aside because the trial record showed that settlement had been made in contemplation of only the known injuries. The court explained that it was not holding that an injured party could never compromise a claim for unknown injuries, but that to do so, "it must appear from the circumstances surrounding the transaction that such was his clear intention." Thus this question, too, must go to the jury for its determination.
Defendants next assert that plaintiff's counsel stipulated that the issue of the validity of the release should be determined by the court and that, therefore, a jury trial on the issue was waived. It is true that plaintiff's attorney proffered a stipulation to that effect, but that offer was not accepted by defendants. Instead, one of defendants' attorneys responded: "I would like to hear the court's ruling before I make any stipulation as to what I will do before I know what the finality of the ruling is." Thus, there being no agreement to plaintiff's proposal, no binding stipulation resulted.
Nor do we agree with defendants that the filing of a motion by plaintiff to set aside the release served to change the basic character of the proceedings so that it was proper for the trial court to rule on the matter without a jury. The mere filing of the motion is not enough reason to separate the mutual mistake issue from the other issues in the case. See Larsen v. Powell, 16 F.R.D. 322 (D.C.Colo.1954); Grissom v. Union Pacific Ry., 14 F.R.D. 263 (D.C.Colo. 1953); Thorla v. Louisiana Midland Ry., 90 F.Supp. 553 (W.D.La.1950).
The judgment is reversed and the cause is remanded with directions to reinstate the *148 complaint and for further proceedings consistent with this opinion.
BERMAN, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissenting:
I dissent.
The trial court found that "any mistake existing at the time the release was executed was not a mutual mistake of fact, but rather a unilateral mistake of prognosis. . . ." That finding is supported by the evidence and testimony presented at the hearing on this issue. There the neurologist testified that: "[T]he epilepsy wasn't present at the time of the injury or even you knowrecently in the few months or weeks or even a year or so after the injury. The epilepsy was really present when she had her first seizure, as far as I can tell."
On the other hand, there was no evidence presented at the hearing that plaintiff in fact had epilepsy at the time the release was signed. Consequently, since epilepsy was properly found not to be an existing fact at the time the release was signed, the release was binding on the plaintiff. Scotton v. Landers, 190 Colo. 27, 543 P.2d 64; Davis v. Flatiron Materials Co., 182 Colo. 65, 511 P.2d 28.
Nor do I agree with the majority that plaintiff was entitled to have the issue of mutual mistake decided by a jury.
The case was set for hearing on plaintiff's motions to set aside the release and defendant's motion for summary judgment, and while the parties did not complete a stipulation, they did proceed with the hearing before the trial court.
Normally where a complaint is based on a legal theory of recovery, defendant cannot change the cause into an equitable cause so as to defeat plaintiff's right to have his case tried by a jury. Miller v. District Court, 154 Colo. 125, 388 P.2d 763. However, where the answer contains a defense, not merely a technical or incidental defense, but one which is an absolute bar at law, and which defense must be set aside before plaintiff can prevail, the issue taken thereon is triable to the court rather than to a jury. Fern v. Crandell, 79 Colo. 403, 246 P. 270; Miller v. British American Assurance Co., 238 S.C. 94, 119 S.E.2d 527 (1961). The result is in effect a bifurcated trial in which the trial court hears and disposes of the equitable matters, and then if necessary, the jury hears the case on its merits. Burnett v. Johnson, 349 S.W.2d 19 (Mo.1961).
Even if no motion is filed to set aside the release, at the conclusion of plaintiff's evidence or at least when giving instructions, the trial court must rule on the validity of the release. If it is a valid release at law, it presents an absolute defense unless the trial court, acting in equity, holds that the release is not effective because of mutual mistake or any other reason which would enable the court to set aside the release. Hence, it is the preferable practice for the trial court to hear evidence and rule on the validity of the release as a preliminary matter. Scotton v. Landers, supra.
Thus the court properly took evidence on the issue of whether the release should be set aside, and when it determined that the release was valid, there was then no factual issue remaining in the case, and the trial court properly entered summary judgment in favor of defendants.
Accordingly, I would affirm the judgment of the trial court.