Victor Leon **LOPER**, Petitioner-Claimant,

v.

**INDUSTRIAL COMMISSION OF COLORADO, Charles McGrath, Director, Division of Labor, Department of Labor & Employment, State of Colorado, Jewett Scott Truck Lines, Inc., and Hartford Accident and Indemnity Company, Respondents.**

No. 81CA0969.

Colorado Court of Appeals, Div. I.

April 15, 1982.

As Modified on Denial of Rehearing May 13, 1982.

Carroll & Bradley, P.C., John S. Carroll, Rebecca L. Bradley, Westminster, for petitioner-claimant.

Craig C. Eley, Denver, for respondents Jewett Scott Truck Lines, Inc. and Hartford Acc. and Indem. Co.

J. D. MacFarlane, Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondents Industrial Commission of Colorado and Charles McGrath.

VAN CISE, Judge.

Petitioner, Victor Leon Loper (claimant), seeks review of the order of the Industrial Commission denying his petition to reopen his claim for an additional award of workmen's compensation benefits. We set aside the order and remand for further proceedings.

On October 9, 1977, claimant was driving a truck for his employer, Jewett Scott Truck Lines, Inc., when a pick-up truck crossed the center line and collided head-on with claimant's truck. The fuel tank in the pick-up exploded, and claimant inhaled the fumes and suffered massive burns.

Liability for workmen's compensation benefits was admitted. In February 1979, the parties entered into a "stipulation for settlement and full and final release" of all claims.

The parties then filed with the Commission a joint motion for approval of the settlement. The stipulation was reviewed at a hearing before a referee. Claimant was the only one who testified. The settlement and release was then approved by order entered April 11, 1979, signed by the referee as designee of the director.

In June 1980, claimant filed a petition to reopen and to set aside the release. As grounds, he alleged that his physical condition had worsened and that when he signed the release he "was laboring under a mutual mistake of fact that he would be physically able to work whereas in fact he was not and is not physically able to work."

In August 1980, after an evidentiary hearing, the referee found that:

"The settlement agreement was prepared, executed, and approved by a Referee of the Division of Labor, in accordance with the provisions of Rule XVII 13 of the Rules of Procedure for workmen's compensation cases adopted by the Industrial Commission. The claimant's testimony was taken at a hearing to approve the settlement."

The referee elected to and did decide the matter on the "sole question of whether this claim can be reopened after a full and final settlement approved by the director as provided by the rules of procedure adopted by the Industrial Commission." Based on his interpretation of § 8–53–102(2), C.R.S. 1973, he concluded it could not be reopened or set aside and denied the petition. He specifically made no finding as to whether a mutual mistake of fact existed, whether claimant was in fact totally disabled, or whether his lung condition was the result of his injury.

On review, the order of the referee was affirmed "in all respects" by the Commission.

The only issue on this appeal is whether the settlement can be reopened and the release set aside on a showing of mutual mistake of material fact.

Section 8–53–102(2), C.R.S. 1973, provides in pertinent part:

"No receipt or settlement shall be final unless in conformity with the provisions of articles 40 to 54 of this title and the rules and regulations of the commission or until such receipt or settlement has been approved by the director."

The rules of procedure for workmen's compensation cases adopted by the Commission include the following:

"13. SETTLEMENT PROCEDURES. The parties may make application for full and final settlement (and execute a final release of all claims in cases) by submitting to the Director the following:

"(a) A stipulation for Settlement and Final Release of all Claims. Such stipulation shall incorporate all terms of the settlement and shall be signed by all parties to the settlement and their respective attorneys. It shall contain the notarized signature of the claimant and provide a space for approval by the signature of the Director; and

"(b) A motion for Approval of Settlement, signed by all parties or their respective attorneys; and

"(c) Form or Order to be signed by the Director."

7 Code Colo Reg. 1101–3 at 11.

Respondents contend that, since the settlement in this case was entered into in conformity with the rules and regulations of the Commission, including the approval of the director through his designated representative, the director has no power to reopen. We do not agree.

In tort law, a general release of a personal injury claim obtained as a result of a mutual mistake of material fact may be set aside. *Gleason v. Guzman*, Colo., 623 P.2d 378 (1981); *Scotton v. Landers*, 190 Colo. 27, 543 P.2d 64 (1975); *Davis v. Flatiron Materials Co.*, 182 Colo. 65, 511 P.2d 28 (1973). We hold that, on the same showing, a release may be set aside in a workmen's compensation case. *Utah Fuel Co. v. Industrial Commission*, 108 Utah 346, 159 P.2d 877 (1945).

Since claimant's petition was decided on the sole basis that the claim could not be reopened after the settlement had been approved by the director, the order denying the petition is set aside. The case is remanded to the Commission (1) for a determination, on the existing record or after further hearing as it may decide, as to whether a mutual mistake of material fact existed at the time the settlement was entered into and, if so, whether claimant is in fact disabled and whether his lung condition resulted from his injury, and (2) for the entry of appropriate orders.

COYTE and TURSI, JJ., concur.