**Greg LAURIC and Robin Lauric,**
**Plaintiffs–Appellants,**

v.

**USAA CASUALTY INSURANCE**
**COMPANY, Defendant–**
**Appellee.**

No. 08CA1098.

Colorado Court of Appeals,
Div. III.

April 2, 2009.

---

Paul Gordon, L.L.C., Paul Gordon, Denver, Colorado, for Plaintiffs–Appellants.

McNamara, Roseman, Martinez & Kazmierski, L.L.P., Stefan Kazmierski, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MILLER.

In this underinsured motorist (UIM) benefits action, plaintiffs, Greg Lauric and Robin Lauric (insureds), appeal the trial court's summary judgment in favor of defendant USAA Casualty Insurance Company (insurer). We reverse and remand. The sole issue on appeal is whether the notice-prejudice rule applies to insureds' failure to notify insurer of, and obtain its consent to, a settlement with a tortfeasor, in violation of a provision of the insurance contract requiring such consent. We conclude that the notice-prejudice rule applies, but that insureds' failure to provide notice and obtain consent before settling is presumptively prejudicial. However, insureds must have the opportunity to rebut this presumption, and if they are successful, insurer must then establish that it actually was prejudiced by the settlement. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings regarding the notice-prejudice rule. In reaching this outcome, we decline to follow the decision in *Artery v. Allstate Insurance Co.*, 984 P.2d 1187 (Colo.App.1999), which applied a different rule.

## I. Background

Greg Lauric was involved in an automobile accident on June 19, 2002. He gave timely notice of the accident to insurer, but subsequently and without notice, made a "full and final settlement" with the tortfeasor for $25,000, the policy limits of the tortfeasor's insurance.

Insureds then brought this action seeking UIM benefits from insurer. Insurer moved for summary judgment, arguing that in-

sureds had violated the consent-to-settle clause in the insurance contract and that *Artery* required dismissal because that case held that an insurer is not required to show prejudice in order to enforce such a clause.

In response, insureds argued that *Artery* was distinguishable and that *Clementi v. Nationwide Mutual Fire Insurance Co.*, 16 P.3d 223 (Colo.2001), which applied a notice-prejudice rule with regard to the failure to provide notice of claim in a UIM case, should be followed in this context. Accordingly, insureds asserted that insurer must show that it had been prejudiced by their failure to notify it prior to settling with the tortfeasor.

The trial court determined that *Artery* controlled and that *Clementi* did not apply. Insureds appeal from that ruling.

## II. Legal Framework

Summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Vail/Arrowhead, Inc. v. Dist. Court*, 954 P.2d 608, 611 (Colo.1998). We review a summary judgment de novo. *Vail/Arrowhead, Inc.*, 954 P.2d at 611.

■ We also review the interpretation of an insurance contract de novo. *Hoang v. Assurance Co. of Am.*, 149 P.3d 798, 801 (Colo.2007).

Here, the insurance contract provided that insurer would pay compensatory damages to a covered person because of bodily injury sustained in an automobile accident, if the covered person is legally entitled to recover such damages from an underinsured driver. It also required the covered person to give insurer prior written notice of any agreement to settle with the tortfeasor so that insurer could substitute its payment for the tentative settlement amount and preserve its right of recovery against the tortfeasor. It specifically excluded underinsured motorist coverage if the covered person or the legal representative "settles the BI [bodily injury] or PD [property damage] claim without our consent."

In *Artery*, 984 P.2d at 1194, a division of this court held that the insurer did not have to show prejudice to defeat coverage based on the insured's violation of the policy's consent-to-settle clause. In reaching this conclusion, the division relied on *Estate of Harry v. Hawkeye–Security Insurance Co.*, 972 P.2d 279 (Colo.App.1998).

In *Hawkeye*, 972 P.2d at 282, the division, relying on *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981), determined that a consent-to-settle clause serves the legitimate purpose of preserving an insurer's right of subrogation, that such a clause is not contrary to public policy, and that the insurer need not show prejudice to enforce it. The division noted that all of the jurisdictions that had adopted a rule that the insurer must show that it had been prejudiced by the settlement had adopted a prejudice rule "in other contexts, most notably in the area of timely notice conditions." *Hawkeye*, 972 P.2d at 282. Citing *Marez*, the division stated that "Colorado has rejected adoption of a prejudice rule when an insured has failed to give timely notice of a claim in violation of a policy condition." *Id.* Consequently, the division concluded that it would not adopt a prejudice rule with regard to consent-to-settle clauses. *Id.*

Two years after the decision in *Artery*, the supreme court issued its opinion in *Clementi*, which addressed whether the insureds had forfeited their UIM coverage by failing to provide timely notice of a claim. The court expressly adopted the notice-prejudice rule in UIM cases, declined to overrule *Marez* at that time because the court found that it applied only to liability cases, but noted that to the extent that *Marez* had been applied by this court to UIM cases, including the decision in *Hawkeye*, it disapproved of such holdings. *Clementi*, 16 P.3d at 224, 228 & n. 5.

Thereafter, the supreme court in *Friedland v. Travelers Indemnity Co.*, 105 P.3d 639 (Colo.2005), held that the notice-prejudice rule applied to liability policies and specifically overruled *Marez*. In *Friedland*, the insured brought suit against the liability insurer for defense costs and liability payments after it had defended against an underlying suit and paid a settlement. The court con-

cluded that the same concerns it had articulated in *Clementi* also applied to liability policies. *Friedland*, 105 P.3d at 646.

## III. Analysis

### A. Rule

■ We conclude that the notice-prejudice rule applies to an insured's failure to notify the insurer and obtain its consent to a settlement in violation of notice and consent-to-settle clauses in a UIM case. Although the decision in *Clementi* involved a late notice of claim, we conclude that the supreme court, as evidenced by the decision in *Friedland* and its disapproval of the *Hawkeye* decision in *Clementi*, would apply the notice-prejudice rule to an insured's failure to notify the insurer of, and obtain its consent to, a settlement with a tortfeasor in a UIM case. As noted in *Clementi*, 16 P.3d at 230, forfeiting insurance benefits when the insurer has not suffered any prejudice would be a disproportionate penalty and provide the insurer a windfall based on a technical violation of the policy. We note that in *Friedland* the "technicality" at issue—failure even to give notice of the claim until after settlement—was more substantial than in this case, where the insureds did give timely notice of the claim. *See Friedland*, 105 P.3d at 645–46. Consequently, we conclude that *Artery* has been effectively overruled by the supreme court, and we choose not to follow it here.

### B. Burden of Proof

■ We also apply the standard adopted by the supreme court in *Friedland* with regard to the burden of proof. When, as here, an insured settles in breach of notice and consent-to-settle clauses, we conclude that there must be a presumption of preju-

dice because notice under these clauses was not given until after the insured settled the litigation. *See Friedland*, 105 P.3d at 647–48 (declining to adopt a rule that treats notice after settlement as no notice, but rather finding a presumption of prejudice in favor of the insurer); *but cf. Clementi*, 16 P.3d at 232 (where an insurer has received unreasonably delayed notice of the suit but such notice came prior to the court's disposition, there should be no presumption of prejudice, and the insurer is required to prove prejudice). The insured then must have the opportunity to come forward with evidence to dispel this presumption of prejudice based on the specific facts of the case. *Friedland*, 105 P.3d at 648. If the insured presents such evidence, the presumption loses any probative force it may have and the insurer then must go forward with evidence that actual prejudice existed. *Id.*

Therefore, because the trial court did not apply the standard we adopt here for an insured's failure to comply with the notice and consent-to-settle clauses, we conclude that the case must be remanded for further proceedings allowing for application of this standard.

The judgment is reversed and the case is remanded to the trial court to reinstate insureds' claim and for further proceedings regarding the notice-prejudice rule.

Judge DAILEY and Judge LOEB concur.